UNITED STATES of America, Plaintiff-Appellee,

v.

Michael POPENAS, Defendant-Appellant.

No. 84–1668.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 29, 1985.

Decided Dec. 26, 1985.

**546**

Richard Zuckerman, argued, Troy, Mich., for defendant-appellant.

Stephen T. Robinson, argued, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before MARTIN and CONTIE, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

BOYCE F. MARTIN, JR., Circuit Judge.

Michael Popenas was convicted of four counts of income tax evasion in violation of 26 U.S.C. § 7201. The only question at trial was whether Popenas' failure to report substantial amounts of income during the years 1977 to 1980 was willful, as required by the statute. Popenas appeals two evidentiary rulings of the district court bearing on willfulness. We affirm the district court's admission of Popenas' prior tax returns, but must remand its decision concerning the admissibility of an affidavit of an available witness for analysis under Rule 803(24), Fed.R.Evid.

In its first and most significant ruling, the district court refused to admit an affidavit of an available witness as substantive evidence in the case. The affidavit was admitted for impeachment purposes. Popenas wished to introduce the affidavit of Victor Freliga, the attorney who prepared Popenas' tax returns, as substantive evidence that the falsehoods in the returns were due to Freliga's incompetence. The affidavit was inconsistent with much of Freliga's trial testimony. Popenas concedes that the affidavit was hearsay evidence, but argues that it should have been admitted under the residual exception to the hearsay rule, which reads as follows:

**Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

**(24) Other exceptions**

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the

statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

The district court avoided assessing the affidavit's admissibility under 803(24) by holding that it was a prior inconsistent statement which should be analyzed in the first instance under Rule 801(d)(1), Fed.R. Evid. This rule provides that a prior statement by a witness is not hearsay if

[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving him....

Both parties acknowledge the affidavit is hearsay under 801(d)(1). According to the district court, classification of a prior statement of a witness as hearsay under 801(d)(1) precludes analysis under 803(24). Relying on the legislative debate prior to the adoption of 801(d)(1), the district court determined that the limitations found in this rule constitute the sole guidelines as to the admissibility of a witness' prior statements.

We cannot agree with such broad reasoning. The validity of the residual exceptions to the hearsay rule was expressly ad-dressed by Congress during its consideration of the Federal Rules of Evidence. The House Judiciary Committee deleted the residual exceptions, but the Senate Judiciary Committee reinstated them, fearing that without these provisions the more established exceptions would be unduly expanded in order to allow otherwise reliable evidence to be introduced. S.Rep. No. 1277, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 7051, 7065–66. The limitations contained in the current rule illustrate the undeniably restrictive nature of the exception, *United States v. Love*, 592 F.2d 1022, 1026 (8th Cir.1979), yet we feel the district court's approach would render it a nullity. This was not the intent of Congress. *See In Re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 302 (3rd Cir.1983) (applying similar reasoning in rejecting what the district court termed the "near miss" theory); *United States v. Bailey*, 581 F.2d 341, 346–47 (3rd Cir.1978); 4 M. Berger & J. Weinstein, *Weinstein's Evidence* § 803(24)[01] (1985).

■ Several circuits have considered the applicability of 803(24) in ruling on the admissibility of a prior inconsistent statement of an available witness. In *United States v. Williams*, 573 F.2d 284, 288–89 (5th Cir.1978), the Fifth Circuit upheld a district court's admission of a prior inconsistent affidavit as substantive evidence as well as for impeachment purposes under 803(24). Again, we do not hold that the failure of the district court in this case to admit similar testimony constitutes an abuse of its wide discretion in evidentiary matters; we disagree only with the lower court's language indicating that a statement that fails to meet the 801(d)(1) criteria cannot ever qualify for an admission under 803(24). *Cf. United States v. McCall*, 740 F.2d 1331, 1342–44 (4th Cir.1984) (Widener, J., concurring but expressing the opinion of the court that 803(24) analysis was appropriate in determining the admissibility of an affidavit of a deceased witness); *United States v. Bailey*, 581 F.2d 341, 346–51 (3rd Cir.1978) (analyzing admissibility of confes-

sion of unavailable declarant under residual exception).

Thus, the proper analysis in the instant case does not end with the application of 801(d)(1)(A). Once it is determined that the evidence in question is indeed hearsay, its admissibility may be properly argued under 803(24). Five findings must be made in order to determine the admissibility of evidence under 803(24). The statement must have circumstantial guarantees of trustworthiness equivalent to those in the first twenty-three exceptions, it must be offered as evidence of a material fact, and must be more probative on the point for which it is offered than any other evidence which can be secured through reasonable efforts. In addition, admissibility must be consistent with the interests of justice, and the proponent must give notice of his intent to offer the statement sufficiently in advance of trial. Because none of the requisite factual findings were made in the court below, we must remand this case for a determination of the admissibility of Freliga's affidavit under 803(24).

Exclusion of Freliga's affidavit cannot be considered harmless error. A violation of 26 U.S.C. § 7201 must be willful. Freliga's affidavit indicates that the falsehoods in Popenas' tax returns were due to Freliga's incompetence, and therefore is directly relevant to a necessary element of the violation.

■ Popenas also argues that the admission of his tax returns from the seven prior years to show a pattern of under-reporting from which willfulness could be inferred was inflammatory and prejudicial. Popenas concedes that evidence of acts similar to those charged in the indictment is admissible to show a pattern. Fed.R.Evid. 404(b). Thus, evidence of these very similar acts was properly admitted by the district court.

The decision of the district court is reversed and remanded for a determination

of the admissibility of Freliga's affidavit under 803(24), Fed.R.Evid.